# EXHIBIT A

## INDEX OF MATTERS FILED

| Exhibit | Contents | Description |
|---------|----------|-------------|
| A | An index of matters being filed | Attached. |
| B | All executed process in the case | Attached. |
| C | Pleadings | Plaintiff's Original Petition & Request for Disclosure & Requests for Production; Defendant's Original Answer. |
| D | All orders signed by the state judge | None at the time of removal. |
| E | The docket sheet | Attached. |
| F | A list of all counsel of record, including addresses, telephone numbers and parties represented | Attached. |

# EXHIBIT B

RECEIPT NUMBER ___413894___  
TRACKING NUMBER ___72628989___

CAUSE NUMBER 201106082

**PLAINTIFF:** FOX, ILIA  
vs.  
**DEFENDANT:** WEEKLEY HOMES L P (D/B/A DAVID WEEKLEY HOMES)

In The 234th  
Judicial District Court of  
Harris County, Texas

## CITATION CORPORATE

**THE STATE OF TEXAS**  
**County of Harris**

TO: WEEKLEY HOMES L P (D/B/A DAVID WEEKLEY HOMES) BY SERVING ITS  
REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCORPORATING  
SERVICE COMPANY

211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION REQUESTS FOR DISCLOSURE AND REQUESTS  
FOR PRODUCTION___

This instrument was filed on the ___28th___ day of ___January___, 20___, in the  
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the  
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were  
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___31st___ day of  
___January___, 20___11___.

Issued at request of:  
HENNEMAN, CAROLYN ROCH  
700 MILAM 10TH FL  
HOUSTON, TX 77002  
Tel: (713) 221-2500  
Bar Number:  791152

CHRIS DANIEL, District Clerk  
Harris County, Texas  
201 Caroline, Houston, Texas 77002  
P.O. Box 4651, Houston, Texas 77210

Generated by: CUERO, NELSON   7MM/7MM/892514

F I L E D  
Chris Daniel  
District Clerk  
FEB 1 8 2011

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20___, at _____ o'clock ___.M., endorsed  
the date of delivery thereon, and executed it at _____  
_____  
                                    (street address)                                          (city)  
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___.M.,  
by delivering to _____, by delivering to its  
_____  
          (the defendant corporation named in citation)  
_____, in person, whose name is _____  
(registered agent, president, or vice-president)  
a true copy of this citation, with a copy of the _____ Petition attached.  
                                    (description of petition, e.g., "Plaintiffs Original")  
and with accompanying copies of _____  
                                    (additional documents delivered with the petition)  
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___  
FEE: $ _____

_____  
                                    (signature of officer)

_____  Printed Name: _____

**Affiant Other Than Officer**                                    As Deputy for: _____  
                                                                                    (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature  
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was  
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20___.

_____  
                                    Notary Public

N.INT.CIT.C.P

Certified Document Number: 47919963 - Page 1 of 2

CAUSE NO. 201106082

ILIA FOX,
**PLAINTIFF**

VS.

WEEKLEY HOMES LP D/B/A DAVID
WEEKLEY HOMES,
**DEFENDANT**

§
§
§
§
§
§
§
§
§

IN THE 234TH JUDICIAL DISTRICT COURT

HARRIS COUNTY, TX

**AFFIDAVIT OF SERVICE**

**BEFORE ME**, the undersigned authority, on this day appeared, BARBARA STINNETT, personally before me and stated under oath as follows:

My name is **BARBARA STINNETT**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am a private process server authorized by and through the Supreme Court of Texas, am in all ways competent to make this affidavit, and this affidavit is based on personal knowledge. The facts stated herein are true and correct.

**ON Thursday, February 10, 2011 AT 09:30 AM** - CITATION CORPORATE TOGETHER WITH PLAINTIFF'S ORGINAL PETITION & REQUEST FOR DISCLOSURE & REQUESTS FOR PRODUCTION **CAME TO HAND.**

**ON Thursday, February 10, 2011 AT 10:11 AM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:** WEEKLEY HOMES LP (D/B/A DAVID WEEKLEY HOMES) BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY, BY DELIVERING TO ITS DESIGNATED AGENT, SUE VEE FREES AT, 211 EAST 7TH ST SUITE 620, AUSTIN, TX. 78701 BY PERSONAL SERVICE.

**FURTHER AFFIANT SAYETH NOT.**



BARBARA STINNETT, Affiant
(ID #SCH 1181)

Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this _10_ day of _February_ 2011.

Notary Public In And for the State of Texas

MICHAEL R. STINNETT
MY COMMISSION EXPIRES
April 28, 2012

DocID: 196850-1

Certified Document Number: 47919963 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    February 23, 2011

Certified Document Number:        4733 9963

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT C

Filed 11 January 28 P2:39
Chris Daniel - District Clerk
Harris County
ED101J016155118
By: Nelson Cuero

## 2011-06082 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| ILIA FOX | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WEEKLEY HOMES LP d/b/a | § | |
| DAVID WEEKLEY HOMES | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE & REQUESTS FOR PRODUCTION

TO THIS HONORABLE COURT:

Plaintiff Ilia Fox respectfully files this Original Petition and Request for Disclosure and Requests for Production as follows:

### PLAINTIFF'S ORIGINAL PETITION

#### I. DISCOVERY LEVEL

1.1    Plaintiff intends to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure and affirmatively pleads that it seeks monetary relief aggregating more than $50,000.   Plaintiff reserves the right to seek modification to the discovery control plan pursuant to Rule 190.5 of the Texas Rules of Civil Procedure.

#### II. PARTIES

2.1    **Plaintiff Ilia Fox** is a Texas resident.

2.2    **Defendant Weekley Homes, L.P., d/b/a David Weekley Homes,** is an entity doing business in Harris County, Texas.  Defendant's principal office is located at 1111 North Post Oak Road, Houston, Texas 77055 in Harris County.  Defendant may be served with process

{00117451.DOC; 1}

by serving its registered agent, Corporation Service Company, d/b/a/ CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III. JURISDICTION AND VENUE

3.1     The damages sought by Plaintiff, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.2     Venue is proper in this county because all or a substantial part of the events or omissions giving rise to this cause of action arose in this county and Defendant maintains a principal office in this county.

### IV. FACTUAL BACKGROUND

4.1     Plaintiff was employed by Defendant as a Sales Consultant for four and a half years until her wrongful termination in August 2009.

4.2     During Plaintiff's employment with Defendant, she received multiple promotions, including a promotion from Sales Associate to Sales Consultant, then to Lead Consultant, and then to Senior Sales Consultant. Plaintiff won numerous performance awards, sold many homes, had outstanding customer survey reviews and received multiple raises and promotions.

4.3     In the summer of 2009, Plaintiff began experiencing a serious health condition and began seeing doctors to obtain a diagnosis.

4.4     In July 2009, Plaintiff contacted Defendant's human resources department for information about taking a leave of absence for a serious health condition in accordance with the Family and Medical Leave Act. Plaintiff was undergoing extensive psychological testing for depression, including postpartum depression. Plaintiff's coworkers were aware that she was seeing a doctor for her health condition and was undergoing psychological testing.

4.5     On August 6, 2009, Plaintiff's doctor recommended that she take a leave of absence from work to seek immediate treatment for her severe depression. That same day,

{00117451.DOC; 1}

Certified Document Number: 47697907 - Page 2 of 7

Plaintiff requested the appropriate forms from Defendant's human resources department to take leave. On Friday, August 7, 2009, Plaintiff informed her manager that she would be taking a 12-week leave of absence for medical treatment. On Monday, August 10, 2009, Defendant terminated Plaintiff's employment without prior warning.

4.6     Prior to her termination, Plaintiff had never received a written warning or been placed on any type of probation. To the contrary, Plaintiff had received awards, promotions and raises. It was only after notifying Defendant that a leave of absence was requested that Plaintiff was terminated. Defendant's termination of Plaintiff was based on false and pretextual reasons.

4.7     Plaintiff was unemployed for a year after Defendant terminated her employment.

### V. CAUSES OF ACTION: VIOLATIONS OF FMLA

5.1     Plaintiff asserts Paragraphs 4.1 through 4.7 herein and incorporates those statements by reference here.

5.2     Defendant's termination of Plaintiff violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. section 2601, *et. seq.* Plaintiff suffered from serious medical problems, for which she sought leave under the FMLA to obtain treatment.

5.3     Plaintiff attempted to exercise her rights under the FMLA. Based on the above facts, Defendant interfered with, denied, and restrained Plaintiff's ability to exercise her rights under the FMLA, in violation of 29 U.S.C. section 2615(a)(1). Based on the above facts, Defendant discriminatorily terminated Plaintiff in retaliation for her attempt to obtain FMLA leave, in violation of 29 U.S.C. section 2615(a)(2).

5.4     By engaging in the above-referenced conduct, Defendant acted in bad faith and without reasonable grounds for believing that Defendant's conduct was not a violation of 29 U.S.C. section 2615.

Certified Document Number: 47697907 - Page 3 of 7

{00117451.DOC; 1}

5.5    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered lost wages, salary, and employment benefits.

### VI. CAUSES OF ACTION: DISABILITY DISCRIMINATION

6.1    Plaintiff asserts Paragraphs 4.1 through 4.7 herein and incorporates those statements by reference here.

6.2    Based on the above facts, Defendant's termination of Plaintiff violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101, *et. seq.*, when Defendant discriminated against her and retaliated against her because of her severe depression.

6.3    Defendant acted with malice or reckless indifference in engaging in the discriminatory practice and retaliation against Plaintiff.

6.4    As a direct and proximate cause of the Defendant's arbitrary and capricious acts, the Plaintiff has suffered lost wages in the past and in the future, lost salary, and lost employment benefits, and grievous harm, including but not limited to, humiliation, embarrassment, emotional pain and suffering, inconvenience, mental anguish, and future pecuniary losses.

### VII. CAUSES OF ACTION: VIOLATIONS OF TEXAS LABOR CODE

7.1    Plaintiff asserts Paragraphs 4.1 through 4.7 herein and incorporates those statements by reference here.

7.2    Based on the above facts, Defendant's termination of Plaintiff violated Chapter 21 of the Texas Labor Code when Defendant discriminated against Plaintiff and retaliated against Plaintiff because of her severe depression. Tex. Labor Code Ann. § 21.001, *et. seq.*

7.3    Defendant acted with malice or reckless indifference in engaging in the discriminatory practice and retaliation against Plaintiff.

7.4    As a direct and proximate cause of the Defendant's unlawful conduct, Plaintiff has suffered lost wages in the past and in the future, lost salary, and lost employment benefits,

{00117451.DOC; 1}

Certified Document Number: 47697907 - Page 4 of 7

and grievous harm, including but not limited to, humiliation, embarrassment, emotional pain and suffering, inconvenience, mental anguish, and future pecuniary losses.

## VIII. ATTORNEY FEES

8.1    Plaintiff is entitled to recover attorney fees, expert fees, and costs for bringing this action.  29 U.S.C. § 2617(a)(3); 42 U.S.C. § 12205; 42 U.S.C. § 2000e-5(k); Tex. Labor Code § 21.259.

## IX. CONDITIONS PRECEDENT

9.1    On or about January 22, 2010, Plaintiff filed a charge with the Texas Workforce Commission and Equal Employment Opportunity Commission alleging disability discrimination and retaliation.

9.2    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## X. DEMAND FOR JURY

10.1    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XI. PRAYER

11.1    For these reasons, Plaintiff asks that Defendant be cited to appear and answer and prays that the Court declare Defendant's conduct a violation of Plaintiff's rights and enter judgment against Defendant for Plaintiff, and award Plaintiff relief including the following:

(a)    Actual damages;

(b)    Back-pay and front-pay;

(c)    Lost wages and salary, for the past and in the future;

(d)    Lost employment benefits;

(e)    Compensatory damages;

{00117451.DOC; 1}

Certified Document Number: 47697907 - Page 5 of 7

(f)     Liquidated damages;

(g)     Punitive damages;

(h)     Pre-judgment and post-judgment interest;

(i)     Attorneys' fees, expert fees, and costs in this action; and

(j)     All other relief that is proper and just.

## REQUEST FOR DISCLOSURE

Defendant is requested to disclose, pursuant to Rule 194 of the Texas Rules of Civil Procedure, within 50 days of service of this request, the information or material described in Rule 194.2.

## REQUESTS FOR PRODUCTION

Plaintiff serves this request for production, pursuant to Rule 196 of the Texas Rules of Civil Procedure, as follows:

1.      Produce Ilia Fox's complete and entire personnel file, human resources records, and payroll records, including but not limited to, all and any performance reviews and evaluations, disciplinary actions and/or reprimands, and payroll information.

2.      Produce any and all documents and correspondence that Defendant sent to and received from the Texas Workforce Commission and/or Equal Employment Opportunity Commission regarding Ilia Fox.

3.      Produce any and all employee manuals and/or handbooks, and employer policy and procedure manuals and/or handbooks that were applicable during the period of Ilia Fox's employment (2004 to 2009).

{00117451.DOC; 1}

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

By: _____
Carolyn Roch Henneman
State Bar No. 00791152
Paige Boone
State Bar No. 24044659
Pennzoil Place – North Tower
700 Milam, 10th Floor
Houston, Texas 77002
(713) 221-2500
(713) 228-3510 (fax)

ATTORNEYS FOR PLAINTIFF ILIA FOX

7

{00117451.DOC; 1}



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 28, 2011

Certified Document Number:        47697907 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Filed 11 March 7 A9:24
Chris Daniel - District Clerk
Harris County
ED101J016207449
By: Sandra Talbert

CAUSE NO. 2011-06082

| | | |
|---|---|---|
| ILIA FOX, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| WEEKLEY HOMES LP d/b/a | § | |
| DAVID WEEKLEY HOMES, | § | |
| | § | |
| Defendant. | § | 234th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Weekley Homes, L.P., incorrectly identified as Weekley Homes LP d/b/a David Weekley Homes ("Weekley" or "Defendant"),[1] files this its Original Answer to Plaintiff's Original Petition and respectfully shows the Court as follows:

### I. GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Weekley generally denies each and every material allegation contained in Plaintiff's Original Petition, and requests that Plaintiff be made to prove her charges by a preponderance of the evidence as required by the constitution, statutes, laws, and Rules of Civil Procedure for the State of Texas.

2.      Weekley reserves the right to amend its Answer.

### II. AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

---

[1] The proper name of the entity that employed Plaintiff is Weekley Homes, L.P.

1

3.      Plaintiff has failed to timely and properly exhaust her administrative remedies.

4.      Plaintiff has failed to satisfy conditions precedent to filing suit and to recover from Defendant.

5.      Plaintiff, in whole or in part, has failed to mitigate her damages.  Additionally, Defendant is entitled to an offset for any mitigation or unemployment compensation benefits received by Plaintiff.

6.      To the extent Plaintiff seeks equitable relief, Plaintiff is not entitled to a trial by jury.

7.      All actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory and non-retaliatory reasons, in good faith, and without reckless indifference or malice.

8.      Pleading in the alternative, any employment actions taken with respect to Plaintiff would have been taken in the absence of any alleged impermissible factors.  Similarly, and again in the alternative, in response to any alleged evidence of discrimination or retaliation that may be produced by Plaintiff, any alleged adverse employment actions and/or decisions taken with respect to Plaintiff would have occurred notwithstanding such alleged evidence.

9.      Pleading in the alternative and in response to any alleged evidence of discrimination or retaliation that may be produced by Plaintiff, actions of discrimination or retaliation on the part of Defendant's employees were contrary to Defendant's good faith efforts to comply with the Family Medical Leave Act, 29 U.S.C.  2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, *et seq.* ("TCHRA"), and any other statute.

2

10.     To the extent Plaintiff seeks relief under the ADA, the TCHRA, or any antidiscrimination statute, Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of a charge of discrimination timely filed with the Equal Employment Opportunity Commission, or similar state agency, including the Texas Workforce Commission.

11.     If Plaintiff is able to prove that Defendant acted in violation of the FMLA, which is denied, such action was in good faith and based upon a reasonable belief that such action was not a violation of the FMLA.  Thus, liquidated damages would not be warranted.

12.     Defendant alternatively pleads that Plaintiff cannot recover punitive damages for any alleged discrimination, because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with the laws governing such conduct.

13.     Pleading in the alternative, and without admitting any of the allegations contained in Plaintiff's Complaint, to the extent that Plaintiff's Complaint, and each alleged cause of action therein, seeks punitive damages, it violates Defendant's rights to procedural and substantive due process and Defendant's rights to protection from "excessive fines" as provided in the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the parallel provisions of the Constitution of the State of Texas and, therefore, fails to state a cause of action upon which punitive or exemplary damages can be awarded.

14.     Defendant is entitled to the damages caps and limitations contained in the TCHRA, the United States Constitution, the Constitution of the State of Texas, and all other applicable laws.

15.     Defendant reserves the right to assert additional affirmative defenses and other matters at such time and to the extent warranted by the discovery and factual development in this case.

### III.  DEFENDANT'S ATTORNEYS' FEES AND COSTS

16.     Defendant is entitled to recover all attorneys' fees, expert witness fees and costs against Plaintiff.

Wherefore, premises considered, Defendant requests that Plaintiff take nothing by this suit and that Defendant recover all of its attorneys' fees, costs, and expert fees, and all other relief at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

/s/ Ted D. Meyer
Ted D. Meyer
State Bar No. 13997500
MEYER WHITE LLP
600 Travis, Suite 900
Houston, Texas 77002
Telephone:  713.951.1400
Facsimile:  713.951.1499
tmeyer@meyerwhite.com

4

Of Counsel:

Peter J. Stuhldreher
State Bar No. 24056393
pstuhldreher@meyerwhite.com
MEYER WHITE LLP
600 Travis, Suite 900
Houston, Texas 77002
Telephone:  713.951.1400
Facsimile:  713.951.1499

ATTORNEYS FOR DEFENDANT
WEEKLEY HOMES, L.P.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to the below counsel of record via certified mail, return receipt requested, on this 7th day of March, 2011.

Carolyn Roch Henneman
Paige Boone
Schirrmeister Diaz-Arrastia Brem LLP
Pennzoil Place – North Tower
700 Milam, 10th Floor
Houston, Texas  77002

/s/ Ted D. Meyer
Ted D. Meyer

# EXHIBIT D

# EXHIBIT E

Harris County Docket Sheet

# 2011-06082

**COURT:** 234th

**FILED DATE:** 1/28/2011

**CASE TYPE:** EMPLOYMENT DISCHARGE



FOX, ILIA

Attorney: HENNEMAN, CAROLYN ROCH

vs.

WEEKLEY HOMES L P (D/B/A DAVID WEEKLEY H

| Docket Sheet Entries | |
|---|---|
| Date | Comment |



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard-copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

# EXHIBIT F

## LIST OF ALL COUNSEL OF RECORD

Ted D. Meyer
State Bar No. 13997500
Federal I.D. No. 10630
MEYER WHITE LLP
600 Travis, Suite 900
Houston, Texas 77002
Telephone:  713.951.1400
Facsimile:  713.951.1499
tmeyer@meyerwhite.com

Peter J. Stuhldreher
State Bar No. 24056393
Federal I.D. No. 699821
pstuhldreher@meyerwhite.com
MEYER WHITE LLP
600 Travis, Suite 900
Houston, Texas 77002
Telephone:  713.951.1400
Facsimile:  713.951.1499

**ATTORNEYS FOR DEFENDANT, WEEKLEY HOMES, L.P.**

Carolyn Roch Henneman
State Bar No. 00791152
Paige Boone
State Bar No. 24044659
Schirrmeister Diaz-Arrastia Brem LLP
Pennzoil Place – North Tower
700 Milam, 10th Floor
Houston, Texas  77002
Telephone:  (713) 221-2500
Facsimile:  (713) 228-3510

**ATTORNEYS FOR PLAINTIFF, ILIA FOX**